**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 20-4609

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ZAKARIA TAOUFIK,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Claude M. Hilton, Senior District Judge.  (1:18-cr-00073-CMH-1)

Submitted: January 7, 2022                      Decided:  February 1, 2022

Before KING and RUSHING, Circuit Judges, and KEENAN, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

**ON BRIEF:**  Gregory B. English, ENGLISH LAW FIRM, PLLC, Alexandria, Virginia, for Appellant. Raj Parekh, Acting United States Attorney, Grace L. Hill, Assistant United States Attorney, Jacqueline R. Bechara, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After his sentence was vacated on appeal, *see United States v. Taoufik,* 811 F. App'x 835 (4th Cir. 2020) (No. 19-4073), Zakaria Taoufik was resentenced to 33 months in prison and 3 years of supervised release. On appeal, Taoufik's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there were no meritorious grounds for appeal, but questioning whether Taoufik's sentence of incarceration was procedurally and substantively reasonable. After filing his notice of appeal, Taoufik was released from prison, and his supervised release term was terminated by the district court due to Taoufik's deportation. The parties agree that Taoufik's appeal is now moot.

"[O]nce the convict's sentence has expired some concrete and continuing injury other than the now-ended incarceration or parole—some collateral consequence of the conviction—must exist if the suit is to be maintained." *United States v. Hardy*, 545 F.3d 280, 283 (4th Cir. 2008) (alterations and internal quotation marks omitted). Taoufik, having completed his terms of imprisonment and supervised release, "bears the burden of demonstrating collateral consequences sufficient to meet Article III's case-or-controversy requirement." *Id.* at 284 (internal quotation marks omitted). Taoufik's counsel has not attempted to meet this requirement and, in fact, agrees that the appeal is moot.

Because Taoufik has already served his terms of imprisonment and supervised release, there is no longer a live controversy regarding the length of his confinement or supervision. Therefore, the appeal of his sentence is moot, and we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately

2

presented in the materials before this court and argument would not aid the decisional process.

DISMISSED